IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.10-00027-01/03-CR-W-ODS |
| MICHAEL SCOTT, | ) ) ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR ATTORNEY-CONDUCTED VOIR DIRE AND MOTIONS *IN LIMINE*

Pending before the Court is Defendant's Motion for Attorney-Conducted Voir Dire (Doc. 148) and Defendant's Motion to Invoke the Witness Rule Prior to Voir Dire, Prohibit Witnesses from Conversing, and to Prohibit the United States Attorney from Advising Witnesses of Previous Testimony (Doc. 151). Also pending are Defendant's various motions *in limine*: Motion *In Limine* to Exclude Evidence Pursuant to Federal Rules of Evidence 401,402, and 403 (Doc. 149) and Motion *In Limine* to Preclude the Government from Offering Evidence of Other Crimes and/or Prior Convictions and Incarcerations Pursuant to Rule 404(b) (Doc. 150), along with the Government's response to these motions (Docs. 183, 184, and 185).

After reviewing the parties' arguments the Court rules as follows.

1. **Defendant's motion for attorney-conducted voir dire is denied.**

The Court denies Defendant's request to allow counsel to conduct voir dire in this case. Although the Court has fully considered counsel's position, the Court is best-equipped to conduct voir dire in a manner that ensures a fair selection of jurors. At the conclusion of the Court's questioning, the Court may permit the attorneys for the Defendant and for the government to ask a limited number of follow-up questions.

2. **Defendant's motion *in limine* to exclude evidence regarding Defendant's brother's employment with an armored car company is moot.**

The Government has indicated that it does not intend to introduce evidence in its case-in-chief regarding the Defendant's brother's employment with an armored car company, unless the Defendant opens the door to such evidence or otherwise makes it relevant. Therefore, this motion is moot, and the Court declines to rule on it at this time.

3. **Defendant's motion *in limine* to exclude evidence that any of the alleged charged bank robberies occurred at approximately the same time and day of the week as routine or regularly scheduled bank deliveries of cash via armored car is denied.**

Defendant argues that evidence that the alleged bank robberies occurred at approximately the same time and day of the week as routinely or regularly scheduled cash was delivered via armored car is inadmissible because its probative value is outweighed by its prejudicial value. The government, however, is entitled to present the jury with a complete picture of the crime. Evidence that money was delivered by an armored car on the day of a bank robbery tends to show planning on behalf of the robbers. Therefore, this evidence is relevant, and is not unfairly prejudicial to the Defendant. Defendant's claims that this evidence will confuse the issues, mislead the jury, or result in undue delay are without merit.

4. **Defendant's motion *in limine* to exclude evidence regarding any surveillance of the Defendant by members of law enforcement since the date of the first alleged bank robbery is moot.**

The Government has indicated that it does not intend to introduce evidence in its case-in-chief regarding surveillance of the Defendant by members of law enforcement, unless the

Defendant opens the door to such evidence or otherwise makes it relevant. Therefore, this motion is moot, and the Court declines to rule on it at this time.

**5. Defendant's motion *in limine* to exclude any reference to the status or ultimate disposition of the Co-Defendants' cases is denied.**

Defendant requests that the Court exclude any reference to the status or ultimate disposition of the Co-Defendants' cases. Generally, "one person's guilty plea or conviction may not be used as substantive evidence of the guilt of another." *United States v. Wiesle,* 542 F.2d 61, 62 (8th Cir. 1976). "However, evidence that a codefendant has pled guilty to the same offense is not error unless elicited as substantive proof of the defendant's guilt." *United States v. Roth*, 736 F.2d 1222, 1226 (8th Cir. 1984). "Any time a guilty plea of a co-offender is either directly or indirectly brought into a trial, trial courts must ensure it is *not* being offered as substantive proof of the defendant's guilt." *United States v. Rogers*, 939 F.2d 591, 594 (8th Cir. 1991).

The government intends to offer proof, by certified copy of conviction, of Claude White's guilty plea to robbing the Valley View Bank on June 19, 2009. The purpose of this evidence is to counter an anticipated attack on the accuracy of Sandra Herdler's identification of Michael Scott and Claude White as the Valley View bank robbers several months after the robbery. If the defense, on cross-examination, attacks Ms. Herdler's ability to see the robbers and recollect their faces in order to discredit her identification of Defendant Scott from the photo line-up, the government will be permitted to introduce proof of Mr. White's guilty plea only for the purpose of corroborating the accuracy of Ms. Herdler's identification.

If testimony of Mr. White's guilty plea is admitted, the Court will issue a limiting instruction informing the jury that Mr. White's guilty plea is not evidence of Defendant Scott's

3

guilt, but is admitted solely for the purpose of evaluating Ms. Herdler's ability to observe and recall the individuals who drove past her during the robbery.

6. **Defendant's motion *in limine* to exclude any hearsay statement from any individual and/or Tips Hotline that names Defendant or anyone resembling the Defendant or bearing the same name or nickname as the Defendant is moot.**

The Government has indicated that it does not intend to introduce evidence in its case-in-chief regarding statements from any individual and/or Tips Hotline that names Defendant or anyone resembling the Defendant, unless the Defendant opens the door to such evidence or otherwise makes it relevant. Therefore, this motion is moot, and the Court declines to rule on it at this time.

7. **Defendant's motion *in limine* to exclude any alleged drug use by the Defendant is moot.**

The Government has indicated that it does not intend to introduce evidence in its case-in-chief regarding Defendant's alleged drug use, unless the Defendant opens the door to such evidence or otherwise makes it relevant. Therefore, this motion is moot, and the Court declines to rule on it at this time.

8. **Defendant's motion *in limine* to exclude any mention of the term "trench coat bank robbers" is denied.**

In November 2008, the Defendant made statements regarding "trench coat robbers" and how he would not drive his foreign made car to the bank to rob it. The constitutionality of these statements has been litigated in the Defendant's Motion to Suppress Statements (Doc. 101), which District Court Judge Ortrie Smith denied on November 7, 2011 (Doc. 187). The Defendant now challenges their admissibility under the rules of evidence.

The government intends to present evidence that in all three bank robberies the Defendant stole tens of thousands of dollars, used stolen cars, did not fire any gunshots, and quickly entered and left the banks. The government also anticipates that the evidence will indicate that the robbers planned the robberies and executed them in a "professional" manner. Thus, the government argues that Defendant's statements regarding the "trench coat robbers" are important inculpatory statements tending to show that the Defendant knew how to rob a bank like a "professional." The Court, therefore, finds that these statements are relevant. Because the statements are constitutionally admissible and do not unfairly prejudice Defendant, Defendant's motion to exclude is denied.

9. **Defendant's motion *in limine* to exclude evidence that Defendant is a suspect in other bank robberies, charged or uncharged, is moot.**

    The Government has indicated that it does not intend to introduce evidence in its case-in-chief regarding Defendant's connection to other bank robberies, charged or uncharged, unless the Defendant opens the door to such evidence or otherwise makes it relevant. Therefore, this motion is moot, and the Court declines to rule on it at this time.

10. **Defendant's motion *in limine* to preclude the government from offering evidence of other crimes and/or prior convictions and incarcerations is moot.**

    Defendant did not indicate what prior convictions his motion seeks to exclude. The government has interpreted Defendant's motion to refer to Defendant's earlier conviction for bank robbery and has indicated that it does not intend to introduce evidence arising from this conviction. Therefore, this motion is moot, and the Court declines to rule on it at this time.

5

**11. Defendant's motion to invoke the witness rule prior to voir dire, prohibit witnesses from conversing, and to prohibit the United States Attorney from advising witnesses of previous testimony is granted.**

Defendant requests that the Court enter an order invoking the witness rule prior to voir dire, prohibiting witnesses from sitting in the courtroom, requiring that witnesses be advised not to discuss testimony which they have given with other prospective witnesses, and instructing the Government's attorneys that they cannot advise witnesses as to what testimony has previously been given. The government does not object to excluding witnesses from the courtroom or to refraining from discussing testimony provided during trial with other witnesses waiting to testify. The government also agrees not to promote conversations about testimony among witnesses, but notes that it is not in a position to guarantee that such a conversation does not happen. Thus, the Court grants Defendant's motion, reserving the right for both sides to question future witnesses based on testimony provided by prior witnesses. The Court will advise witnesses not to discuss their testimony with other witnesses until the conclusion of the trial.

**IT IS SO ORDERED.**

Date: January 6, 2012      /s/ Greg Kays_____
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT